[No. C. D. 2038. *En Banc.* March 20, 1935.]

*In the Matter of the Proceedings for the Disbarment of* LeRoy McCann.[1]

*F. A. Kern,* for the board of governors.

*C. B. Hughes* and *Fred Kemp,* for accused.

Millard, C. J.—This is a disbarment proceeding.

Consonant with its findings of guilty on four counts charging respondent with unprofessional conduct, a trial committee recommended that respondent be permanently disbarred. The board of governors of the Washington state bar association, at a formal hearing upon the written report made by the trial committee, likewise found respondent guilty as charged on the four counts, and recommended that he be permanently disbarred from the practice of law.

While the evidence would sustain a finding on counts 1 and 2 that respondent was not as careful and as diligent as he should have been in the handling of the business of certain of his clients, the punishment therefor should not be severer than a reprimand.

Count 4 is without substantial merit.

[1]Reported in 42 P. (2d) 437.

184

The board found on count 3 that respondent withheld funds belonging to a certain client for a period of between two and three years, without advising his client or making any accounting, and that he paid her no part of such fund until after this disbarment proceeding was commenced.

The penalty recommended by the board is too severe. For a like offense, the board of governors recommended that the accused be suspended from the practice of law in this state for one year. *In re Hutchinson,* 178 Wash. 112, 33 P. (2d) 1119.

We are of the view that a suspension for a period of one year is a sufficient penalty in the case at bar. Therefore, the order is that respondent be suspended from the practice of law in this state for a period of one year, which time will begin to run thirty days after the filing of this opinion and order.

TOLMAN, MAIN, MITCHELL, HOLCOMB, BEALS, BLAKE, and GERAGHTY, JJ., concur.

STEINERT, J. (concurring)—The particular facts and circumstances involved in this case lead me to concur in its disposition. But lest it should be inferred from the opinion that, by precedent and conformity, we have set an invariable standard of punishment for withholding a client's funds for a period of two or three years and until disbarment proceedings are begun, at one year's suspension from the practice of law, I wish to say that I do not entertain any such view. A much longer suspension, or even permanent disbarment, might very properly be the penalty imposed for that very offense under more flagrant circumstances than appear in this case.